**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————————X
                                              :
AMY FISCH,                                    :
                                              :
                    Plaintiff,                :
                                              :   Civil Action No.
          v.                                  :
                                              :   **COMPLAINT AND JURY TRIAL**
PENN CREDIT CORPORATION; JOHN DOES            :   **DEMAND**
1-50 (fictitiously named) and ABC CORP. 1-50  :
(fictitiously named),                         :
                                              :
                    Defendants.               :
———————————————————————X

## I.  INTRODUCTION

1.      This is an action for actual and statutory damages brought by Plaintiff

Amy Fisch an individual consumer, against Defendant Penn Credit Corporation

("Defendant") for a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

*et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive,

deceptive, and unfair practices.

## II.  JURISDICTION

2.      Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

### III. JURY DEMAND

3.      Plaintiff demands a jury trial on all issues.

### IV. PARTIES

4.      The FDCPA, 15 U.S.C. § 1692 et seq., which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

5.      Plaintiff Amy Fisch is a natural person residing in Wood Ridge, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Based upon information and belief defendant Penn Credit Corporation is a Pennsylvania Corporation organized under the laws of the State of Pennsylvania with its principle place of business located in Harrisburg, PA.

7.      Defendants JOHN DOES 1-50 and ABC CORP. 1-50 are fictitious defendants.  JOHN DOES 1-50 are fictitious individuals.  ABC CORP. 1-50 are business entities including, but not limited to a corporation, limited liability company and/or partnership.  In the event any named defendant is not the real name of the defendant, or he or it is known by any other name, plaintiff reserves the right to amend this complaint to properly name the defendant.

2

8.      Based upon information and belief, Defendant is in the business of collecting debts in this state.  Defendant's principal purpose is the collection of debts in this state, and Defendants attempt to collect debts alleged to be due another.

9.      Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of, which is to attempt to collect debts alleged to be due another.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## IV. FACTUAL ALLEGATIONS

10.     Plaintiff was at all times to this lawsuit a "consumer" as that term is defined by 15 U.S.C. §1692a(3)

11.     At some time prior to July 28, 2014, Plaintiff allegedly incurred a debt with respect to a ConEdison account.  ("The Debt")

12.     The Debt arose out of a transaction in which money, property, insurance or services, which were the subject of the transaction, were primarily for personal, family or household purposes.

13.     The Debt obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

14.     On or about July 28, 2014, Defendant sent Plaintiff a letter ("The Collection Letter") indicating that it was authorized on behalf of ConEdison to collect an outstanding balance from Plaintiff.  A copy of this Collection Letter is attached as Exhibit A.

15.     The Collection Letter sought to collect an amount of $149.40 from Plaintiff with respect to the Debt.

16.     The Collection Letter is a "communication" as defined by 15 U.S.C.

§1692a(2).

17.     The Collection Letter was mailed in a window envelope.

18.     The envelope for the Collection Letter  provided a window in the upper

left corner which displayed through the window:

> P.O. Box 1259, Department 91047
> Oaks, PA  19456
> CHANGE SERVICE REQUESTED
> [IIIII BAR CODE IIIII]

19.     Plaintiff's account and/or file number is XXXX0991 and was encoded in

the bar code that showed through the windowed envelope.

20.     Upon receipt, Plaintiff read the Collection Letter.

21.     The account and/or file number constitutes personal identifying

information.

22.     The account and/or number is a piece of information that can identify the

Plaintiff.

23.     The account number is not meaningless - it is a piece of information

capable of identifying [the consumer] as a debtor.  And its disclosure has the potential to

cause harm to a consumer that the FDCPA was enacted to address.  Douglass v.

Convergent Outsourcing, 765 F. 3d 299 (3rd Cir. 2014).

24.     The alleged debt of Plaintiff was incurred for personal, family or

household services.

## COUNT ONE

### (Fair Debt Collection Practices Act Violation of Section 1692(f)

25.     Plaintiff repeats the allegations contained in paragraphs 1 through 24 as if the same were set forth at length.

26.     Section 1692f et seq. of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

27.     Defendants violated 15 U.S.C. §1692f by:

a.     using unfair and unconscionable collection practices in connection with the collection of a debt;  and;

b.     using language and symbol on envelopes mailed to consumers that reveal  information other than the debt collector's address, in violation of 15 U.S.C. §1692f(8).


WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.  Declaratory judgment that Defendant's conduct violated the FDCPA;

B.  Actual damages;

C.  Post-judgment and pre-judgment interest;

D.  Statutory damages pursuant to 15 U.S.C. § 1692k;

E.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and,

F.   Any other relief that the court deems appropriate.

Dated:  July 28, 2015                              Respectfully submitted,

By: s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.

17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff*


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.


Dated: July 28, 2015                    By: s/ Lawrence C. Hersh
                                             Lawrence C. Hersh, Esq

6